MICHAEL W. MELENDEZ (SBN 125895)
michael.melendez@kennedyslaw.com
ZINA YU (SBN 291993)
zina.yu@kennedyslaw.com
KENNEDYS CMK LLP
455 Market St., Suite 1900
San Francisco, CA 94105
Tel:    (415) 323-4491
Fax:    (415) 323-4445

Attorneys for Plaintiff
HISCOX INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hiscox Insurance Company, | Case No. 2:24-cv-10852 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| The Perfect Event, Inc., | |
| Defendant. | |

Plaintiff Hiscox Insurance Company ("Hiscox"), for its Complaint for Declaratory Judgment, alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. section 2201.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

3.      Venue is proper in this District pursuant to 28 U.S.C. section 1391 as a defendant resides in this District.

**THE PARTIES**

4.     Plaintiff Hiscox Insurance Company ("Hiscox") is a corporation organized under the laws of the State of Illinois and with its principal place of business in the State of Illinois.

5.     Defendant The Perfect Event, Inc. ("TPE") is a corporation organized under the laws of the State of California with its principal place of business in the State of California.

**NATURE OF THE CLAIM**

6.     Hiscox issued a package policy to TPE for the period September 6, 2019, to September 6, 2020 (Policy No. MPL2043572.19) (the "Policy"). A copy of the Policy, with premium information redacted, is attached hereto as Exhibit A.

7.     Hiscox seeks a judgment declaring that the Policy provides no coverage to TPE for insurance claims made in connection with a lawsuit pending before the Superior Court of California, captioned *Jane Doe v. Sigma Alpha Mu Fraternity et al.*, Case No. 21STCV46495 (the "underlying action").

**FACTUAL BACKGROUND**

**The Underlying Action**

8.     TPE provided security guards and event staffs pursuant to a subcontract with Sigma Alpha Mu Fraternity ("SAM") for a party hosted by SAM on or about January 25, 2020 at 904 West 28th Street, Los Angeles, California (the "subject property").

9.     In the underlying action, plaintiff Jane Doe alleges that Peter Hwang sexually assaulted and raped her during the party.  The underlying plaintiff alleges that SAM was negligent in failing to manage and maintain the subject property safely, and that she was raped due to SAM's failure to provide safe environment at the subject property.  Based on these allegations, the underlying plaintiff asserts negligence, assault, battery, and negligent and intentional infliction of emotional distress claims against SAM, its related entities, and Hwang.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:24-cv-10852

10.     SAM filed a cross-complaint against TPE in the underlying action alleging that TPE was responsible for providing and ensuring a safe environment during the party and asserts claims for indemnification, apportionment of fault, declaratory relief and negligence claims against TPE.

**Hiscox Policy**

11.     The Policy affords Security Services Professional Liability coverage and General Liability coverage.

12.     The insuring agreement in the General Liability Coverage Part provides specified coverage for bodily injury that occurs during the policy period.

13.     Under the General Liability Coverage Part of the Policy, coverage is precluded for bodily injury or property damage based upon or arising out of your actual or alleged performance of or failure to perform "professional services," which the Policy defines to include "services identified as Covered Professional Services in the Declarations."  The Policy's Declarations identify Covered Professional Services as "event planning services and solely as defined in the Security Services Professional Liability Coverage Part."  The Security Services Professional Liability Coverage Part provides:

> **Security services** means:
>
> 1.     the services customarily performed by a security guard, watchperson, … or other individual employed in the private security industry, which, for purposes of this policy, means services performed in connection with guarding and protection people, property, or other assets ….
>
> ….

14.     The Policy contains the following insuring agreement for Security Services Professional Liability Part:

> **We** will pay up to the **coverage part limit** for **damages** and **claim expenses** in excess of the **retention** for covered **claims** against **you** alleging a negligent act, error, or omission in **your security services** performed on or after the **retroactive date** ….

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:24-cv-10852

….

provided the **claim** is first made against **you** during the **policy period** and is reported to **us** in accordance with Section V. Your obligations.

15.    The Security Services Professional Liability Part contains the following Sexual Misconduct Exclusion,[1] which provides:

> **We** will have no obligation to pay any sums under this Coverage Part, including any **damages** or **claim expenses**, for any **claim**:
>
> 22.    Based upon or arising out of any actual, alleged, or threatened abuse, molestation, harassment, mistreatment, or maltreatment of a sexual nature, including the negligent employment, investigation, supervision, training, or retention of a person who commits such conduct, or the failure to report such conduct to the proper authorities; however, this exclusion will not apply to the extent any claim is covered under Section I of this Endorsement.

16.    The Policy contains a Sexual Abuse/Misconduct Sublimit Endorsement (Endorsement 12), which provides:

> **We** will pay **damages** and **claim expenses** up to the sublimit stated below for any **claim** against **you** alleging sexual misconduct, sexual abuse, and/or child abuse by any person for whom **you** are legally responsible, provided the **claim** is first made against **you** during **the policy period** ….

## FIRST CLAIM FOR RELIEF

### Declaratory Relief

17.    Hiscox incorporates herein by reference the allegations set forth in Paragraphs 1 through 16, inclusive.

18.    In the underlying action, the plaintiff's claims against TPE arise out of TPE's performance of or failure to perform "professional services" as the term is defined in the Policy, and thus, coverage under the General Liability Coverage Part is precluded by Professional Services exclusion.

---

[1] This exclusion is cited as modified by Sexual Abuse/Misconduct Sublimit Endorsement (Endorsement 12).

19.     The underlying plaintiff's claims against SAM and TPE are for "bodily injury" arising out of any actual, alleged, or threatened abuse, molestation, harassment, mistreatment, or maltreatment of a sexual nature.  As a result, the underlying plaintiff's claims against TPE are precluded from coverage under the Security Services Professional Liability Coverage Part by the Sexual Misconduct exclusion.

20.     An actual and justiciable controversy exists concerning the rights and obligations of the parties under the Policy regarding SAM's cross-complaint against TPE in the underlying action.

21.     All parties have a claim or interest in the outcome of the declaratory relief sought by this action.

22.     Hiscox is entitled to a judicial declaration that it has no obligations for TPE under the Policy regarding the underlying action.

## PRAYER

**WHEREFORE,** Hiscox prays for judgment as follows:

a.      That the Court declare and adjudge that there is no coverage or potential for coverage for the underlying action under the General Liability Coverage Part in the Policy because the Professional Services exclusion precludes coverage;

b.      That the Court declare and adjudge that there is no coverage or potential for coverage for the underlying action under the Security Services Professional Liability Coverage Part in the Policy because the Sexual Misconduct exclusion precludes coverage;

c.      That the Court declare that Hiscox does not have any obligation to defend or indemnify TPE under the Policy regarding any claims raised in the underlying action;

d.      For costs of suit; and

e.      Such other further relief as this Court deems just and proper.

1    DATED:  December 17, 2024                KENNEDYS CMK LLP

2

3                                          By: /s/ Michael W. Melendez
                                               MICHAEL W. MELENDEZ
4                                              ZINA YU
                                               Attorneys for Plaintiff
5                                              HISCOX INSURANCE COMPANY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:24-cv-10852