Laurie R. Hager, Bar No. 212162
lhager@swlaw.com
Cameron Schlagel, Bar No. 320732
cschlagel@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone:  714.427.7000

Attorneys for Defendant / Counterclaimant
The Perfect Event, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hiscox Insurance Company,<br><br>        Plaintiff,<br><br>  v.<br><br>The Perfect Event, Inc.,<br><br>        Defendant. | Case No. 2:24-cv-10852-JAK-AJR<br>Assigned to Hon. John A. Kronstadt<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT / COUNTERCLAIMANT TO STAY THIS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>Date:     May 12, 2025<br>Time:    8:30 a.m.<br>Ctrm:   10C |
| The Perfect Event, Inc.,<br><br>        Counterclaimant,<br><br>  v.<br><br>Hiscox Insurance Company,<br><br>        Counterdefendant. | Complaint Filed: December 17, 2024<br>Trial Date: None Set |

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4904-3318-5583

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 12, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the United States District Court, Central District of California, First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendant/Counterclaimant The Perfect Event, Inc. ("TPE") will and does move this Court for an order staying this action (the "Coverage Action") pending the final resolution of the underlying action, captioned *Jane Doe v. Sigma Alpha Mu Fraternity, et al.*, Case No. 21STCV46495, pending in the Los Angeles County Superior Court (the "Underlying Action"), because this Coverage Action will require disclosure and discovery of information that is relevant and prejudicial to TPE's defense in the Underlying Action, TPE should not have to fight a "two-front war," and TPE should not be forced to choose between prevailing in this Action or the Underlying Action.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on March 20, 2025, in an effort to resolve this issue.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, the pleadings and papers on file in this action, and such other evidence and argument as may be properly received by the Court.

                                    Respectfully submitted,

Dated:  April 4, 2025            SNELL & WILMER L.L.P.

                                 By:*/s/ Cameron Schlagel*
                                    Laurie R. Hager
                                    Cameron Schlagel

                                    Attorneys for
                                    Defendant/Counterclaimant
                                    The Perfect Event, Inc.

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................... 6

II.     BACKGROUND ....................................................................................... 7

    A.    TPE and the Hiscox Policy ........................................................... 7

    B.    The Underlying Action .................................................................. 8

    C.    The Present Coverage Action ...................................................... 10

III.    LEGAL STANDARD .............................................................................. 14

IV.     ARGUMENT ........................................................................................... 15

    A.    TPE will Be Prejudiced if this Action Is Not Stayed ................... 15

        1.   Required Disclosure of Confidential Information in this
               Action Will Prejudice TPE's Defense in the Underlying
               Action ................................................................................ 16

        2.   Requiring TPE to Engage in a Two-Front War Prejudices
               TPE. .................................................................................. 17

        3.   Overlapping Issues and Facts Prejudice TPE. ................... 18

    B.    Hiscox Will Not Be Damaged from the Granting of a Stay. ......... 20

    C.    A Stay Will Advance the Orderly Course of Justice. ................... 21

V.      CONCLUSION ........................................................................................ 22

4904-3318-5583

1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Admiral Ins. Co. v. Shah & Assocs., Inc.*,
No. 13-cv-00044-WQH, 2013 WL 3831331 (S.D. Cal. July 23, 2013) ........................................................................................................... 18

*AIU Ins. Co. v. McKesson Corp.*,
No. 20-cv-07469-JSC, 2021 WL 3565440 (N.D. Cal. Aug. 12, 2021) ..................................................................................................... 14, 15

*Atain Specialty Ins. Co. v. 20 Parkridge, LLC*,
2015 WL 2226356 (N.D. Cal. May 11, 2015) ........................................... 14, 17

*Citizens Ins. Co. of Am. v. Chief Digital Advisors*,
No. 20-cv-1075-MMA, 2020 WL 8483913 (S.D. Cal. Dec. 22, 2020) ........................................................................................................... 21

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ................................................................... 15, 21

*Erie R.R. Co. v. Tompkins*,
304 U.S. 64 (1938) ..................................................................................... 14

*Golden Eagle Ins. Corp. v. Drain Doctor Inc.*,
14-cv-03242-LHK, 2015 WL 1229323 (N.D. Cal. Mar. 17, 2015) ................. 17

*Great Am. Ins. Co. v. Superior Ct.*,
178 Cal. App. 4th 221 (2009) .................................................................... 17

*Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.*,
16-cv-01114-JST, 2016 WL 7230868 (N.D. Cal. Dec. 14, 2016) .................. 17

*HDI Glob. Ins. Co. v. San Fernando Realty, Inc.*,
No. 20-cv-06468-SVW, 2020 WL 7872202 (C.D. Cal. Oct. 28, 2020) ........................................................................................................... 21

*Horace Mann Ins. Co. v. Barbara B.*,
4 Cal. 4th 1076 (1993), *as modified on denial of reh'g* (May 13, 1993) .................................................................................................... 18, 21

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

*Lambert v. Commonwealth Land Title Ins. Co.*,
    53 Cal. 3d 1072 (1991) ........................................................................................ 21

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ...................................................................................... 14, 21

*Liberty Corp. Cap. Ltd. v. Cotton*,
    No. 21-cv-00848-DOC, 2021 WL 6103365 (C.D. Cal. Sept. 22,
    2021) .................................................................................................... 6, 7, 21

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ......................................................................... 15

*Montrose Chem. Corp. of Cal. v. Superior Court*,
    25 Cal. App. 4th 902 (1994) ....................................................................... 15, 16

*Montrose Chem. Corp. of Cal. v. Superior Court*,
    6 Cal. 4th 287 (1993) ................................................................................*passim*

*Powers v. Certain Underwriters at Lloyd's London [i.e., Hiscox]*,
    Case No.: 2:23-cv-01472-GMN, 2024 WL 3971137 (D. Nev. Aug.
    26, 2024) ...................................................................................................... 10

*Scottsdale Ins. Co. v. Grant & Weber*,
    No. 16-cv-00610-MWF, 2016 WL 7469636 (C.D. Cal. Apr. 21,
    2016) .................................................................................................... 14, 15

*Zurich American Ins. Co. v. Omnicell, Inc.*,
    No. 18-cv-05345-LHK, 2019 WL 570760 (N.D. Cal. Feb. 12,
    2019) ..............................................................................................*passim*

**Statutes**

Bus. & Prof. Code §§ 17200, *et seq.* ......................................................................... 11

**Rules**

Fed. R. Civ. P. 13(a) ................................................................................................. 18

Fed. R. Civ. P. 26(a) ................................................................................................... 6

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**<u>INTRODUCTION</u>**

The Court should stay this Coverage Action—through which Hiscox seeks to disclaim coverage and deny a defense for TPE in the Underlying Action—until the Underlying Action is fully and finally resolved for at least four reasons.

***First***, TPE will be seriously and substantially prejudiced if this Coverage Action is not stayed. Significant issues in this Action involve Hiscox's conduct in the defense of, and in connection with settlement opportunities in, the Underlying Action. Indeed, in the Underlying Action, Hiscox made express representations to TPE and third parties about its coverage obligations that contradict its coverage position in this Action. Discovery in this Coverage Action, including under Fed. R. Civ. P. 26(a), will require disclosure of this information, as well as disclosure of communications related to defense strategy and liability evaluations in the Underlying Action. TPE anticipates this information will also need to be included in motion practice in this Action. Such disclosures will be highly prejudicial to TPE's defense in the Underlying Action, as they will reveal defense and settlement strategy discussions among TPE, TPE's defense counsel, and Hiscox.

***Second***, TPE will also be prejudiced if this Coverage Action is not stayed because TPE will be required to litigate the Underlying Action and this Coverage Action simultaneously, incurring significant and potentially unnecessary litigation costs. California state and federal courts recognize that requiring an insured to fight a "two-front war," like this, constitutes prejudice that warrants a stay. *See, e.g.*, *Liberty Corp. Cap. Ltd. v. Cotton*, No. 21-cv-00848-DOC, 2021 WL 6103365, at \*3 (C.D. Cal. Sept. 22, 2021); *Zurich American Ins. Co. v. Omnicell, Inc.*, No. 18-cv-05345-LHK, 2019 WL 570760, at \*6 (N.D. Cal. Feb. 12, 2019) ("Courts have found that any prejudice (if at all) to the insurer in having to pay defense costs while the

4904-3318-5583

underlying case is pending is outweighed by prejudice to the insured in having to fight a 'two-front war.'") (collecting cases).

**Third**, TPE will also suffer prejudice when the issues and facts before this Court begin overlapping with issues and facts being litigated in the Underlying Action. This may result not only in conflicting factual determinations but also impairing the defense of the Underlying Action that Hiscox is contractually and legally required to defend. A stay serves the orderly administration of justice by "avoiding potentially inconsistent rulings," by allowing for claims to be "clarified through the course of litigation in the underlying [a]ction," and by avoiding "the risk of making factual determinations that may conflict with the state court's findings in the underlying [a]ction." *Omnicell, Inc.*, 2019 WL 570760, at *6.

**Fourth**, Hiscox will not be prejudiced by a stay of this Action. Hiscox has defended TPE in the Underlying Action for more than four years. Although a stay of this Action would require Hiscox to continue advancing defense costs to TPE in the Underlying Action, continuing to advance defense costs for an insured, despite a dispute over coverage, is not recognized as prejudice to an insurer. *See, e.g.*, *Liberty Corp. Capital, Ltd. v. Cotton*, No. 21-cv-00848-DOC, 2021 WL 6103365, at *3 (C.D. Cal. Sept. 22, 2021) (rejecting insurer's argument that it would be prejudiced by advancing defense costs and citing cases).

For these reasons, as detailed further below, TPE respectfully requests that the Court enter an order staying this Action until the final resolution of the Underlying Action.

## II.

## BACKGROUND

### A.    TPE and the Hiscox Policy

TPE is in the business of providing event planning and staffing services, including event security. Hiscox issued a package policy to TPE with a policy period of September 6, 2019, to September 6, 2020 (Policy No. MPL2043572.19) (the

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

"Policy"). ECF No. 17, ¶ 5. As relevant here, the Policy provides coverage for claims against TPE alleging any "negligent act, error, or omission in [TPE's] security services . . . ." *See* ECF No. 1, ¶ 14. The Policy also contains an exclusion labeled "Sexual misconduct"[1] that provides, in part, that Hiscox has no obligation to pay any sums, including damages, for any claim "based upon or arising out of any actual, alleged, or threatened abuse, molestation, harassment, mistreatment, or maltreatment of a sexual nature, including the negligent employment, investigation, supervision, training, or retention of a person who commits such conduct . . . ." ECF No. 1, ¶ 15.

## B.    The Underlying Action

Plaintiff Jane Doe initiated the Underlying Action on December 21, 2021, asserting claims against multiple defendants, including Sigma Alpha Mu Fraternity, Mu Theta Chapter at the University of Southern California, the corresponding national entities and property-owning entities, and Peter Hwang. On May 4, 2023, Plaintiff filed the operative Second Amended Complaint ("SAC"), which added TPE as a defendant. *See generally* Req. for Judicial Notice ("RJN"), Ex. A (SAC). The SAC asserts ten causes of action, four of which are against TPE. *See id.*; *see also* RJN, Ex. B (the "Demurrer Order").

Jane Doe generally alleges that in January of 2020, she attended a party at the Mu Theta Chapter house of SAM at the University of Southern California. *See* SAC, ¶ 23. She was intoxicated when she arrived, and she continued to consume alcohol at the party. *Id.*, ¶¶ 23–28. Eventually, according to Jane Doe, Peter Hwang, who was a member of the fraternity and resided at the Mu Theta Chapter house, forced her into

---

[1] The putative copy of the Policy attached to Hiscox's Complaint (ECF No. 1-1) includes a section "J. Titles," which provides, "Titles of sections of and endorsements to this policy are inserted solely for convenience of reference and will not be deemed to limit, expand, or otherwise affect the provisions to which they relate." *See* ECF No. 1-1 at 9 of 72. Accordingly, by the terms of the Policy, the label for the exclusion, "Sexual misconduct," does not limit, expand, or otherwise affect the scope of the exclusion, and it is used solely for reference. Likewise, the title of the exclusion is used in this document solely for reference.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

the gymnasium of the house where he first physically assaulted her and then raped her. *Id.*, ¶¶ 35–38. Jane Doe alleges severe physical and emotional injuries from the physical and sexual assaults. *Id.*, ¶¶ 40, 58–59.

As relevant here, Jane Doe alleges that TPE was hired to provide bartending services and security services and staff "to reasonably ensure that only invited guests [were] permitted into the [party]" including, "[i]f applicable," checking identification "to verify guests [were] of legal drinking age . . . ." *Id.*, ¶ 6. Jane Doe asserts four claims against TPE: (1) Negligence, *see* SAC, ¶¶ 116–131; (2) Negligent Security, *see id.*, ¶¶ 132–140; (3) Negligent Hiring and Supervision, *see id.*, ¶¶ 151–160; and (4) Negligent Infliction of Emotional Distress, *see id.*, ¶¶ 183–190.

Jane Doe's claims for Negligence, Negligent Security, and Negligent Infliction of Emotional Distress rely on similar allegations of duty and breach. In support of her claim for Negligence, Jane Doe alleges that TPE had a "duty to provide reasonably safe premises for guests," Demurrer Order at 9:20–10:1, and that TPE breached its alleged duty by failing "to supervise and monitor [the party], allowing underage drinking and illegal drug use during [the party]," *id.* at 10:1–3 (quoting SAC, ¶ 127). In her claim for Negligent Security, Jane Doe alleges that TPE had duties to provide: "A. Competent security services; B. Competent identification checking and related services; [and] C. To not serve individuals under the legal drinking age and to have some system in place to monitor whether [such individuals] were being given alcohol." *Id.* at 10:4–8 (quoting SAC, ¶ 135). She alleges that TPE breached those alleged duties. *Ibid.* The claim for Negligent Infliction of Emotional Distress alleges that TPE "owed a duty to exercise reasonable care" and breached that duty. *Id.* at 12:12–16 (citing SAC, ¶ 186).

The claim for Negligent Hiring and Supervision, by contrast, rests on allegations that: TPE hired various staff for the party, SAC, ¶ 152; TPE knew or should have known that these staff were "not qualified, inattentive to their duties, or were or became unfit or incompetent to perform such basic safety duties," *id.*, ¶ 154;

4904-3318-5583

1    and despite this alleged knowledge of unfitness, TPE "negligently hired, retained and

2    supervised these employees," *id.*, ¶ 153. *See also* Demurrer Order at 10:12–18 (citing

3    and quoting SAC). As the Superior Court explained addressing this claim, "the

4    alleged duty and breach are not a failure of TPE's employees but rather a failure of

5    TPE to properly hire, retain, and supervise;" thus, this claim "is not based on the

6    same conduct" as the claims for Negligence and Negligent Security. *Id.* at 10:18–21;

7    *see also id.* at 11:3–23.

8          There are no allegations of harassment or sexual assault against TPE or its

9    employees, and Jane Doe also alleges physical injuries that are potentially separable

10   from the sexual assault injuries.

## C.    The Present Coverage Action

12         Hiscox seeks a declaratory judgment that the Policy does not provide coverage

13   for any of the claims against TPE in the Underlying Action, citing the so-called

14   "sexual misconduct" exclusion. ECF No. 1, ¶ 15.

15         TPE denies Hiscox's allegations and asserts counterclaims for declaratory

16   relief, breach of contract, bad faith, and Unfair Business Practices. *See generally* ECF

17   No. 16; ECF No. 17. The Policy provides coverage because the claims against TPE

18   in the Underlying Action arise out of alleged "negligent act[s], error[s], or

19   omission[s] in [TPE's] security services . . . ." *See* ECF No. 1, ¶ 14; ECF No. 17, ¶¶

20   6, 22. The "sexual misconduct" exclusion does not apply because, among other

21   things, (1) the exclusion does not apply to claims involving sexual assault; (2) Jane

22   Doe alleges that she was assaulted by a member of the fraternity, not by an employee

23   or agent of TPE; and (3) Jane Doe alleges breaches of duty and physical injuries

24   separate from the sexual assault (e.g., if she fails to prove the sexual assault occurred,

25   she may nevertheless prevail on her negligence claims based on the physical assault).

26   *See Powers v. Certain Underwriters at Lloyd's London [i.e., Hiscox]*, Case No.:

27   2:23-cv-01472-GMN, 2024 WL 3971137 (D. Nev. Aug. 26, 2024) (holding, in a

28   remarkably similar case, that the same Hiscox "sexual misconduct" exclusion in the

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD.
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4904-3318-5583

Security Services Professional Liability Coverage Part of a Hiscox Pro liability insurance policy did not bar coverage for a security company in connection with a claim brought by a woman who alleged she was sexually assaulted by an unaffiliated third party while walking to her apartment, and holding that Hiscox breached its duty to defend the security company in connection with the woman's suit against the apartment complex and the security company).

TPE also contends that Hiscox breached the Policy and the implied covenant of good faith and fair dealing by bringing this action unreasonably and without proper cause, seeking to unreasonably repudiate its obligations under the Policy after more than four years of defending TPE under the Policy without asserting, and without reserving a right to assert, that the "sexual misconduct" exclusion precludes coverage. *See generally* ECF No. 17. TPE also contends Hiscox breached the Policy and the implied covenant of good faith and fair dealing by failing in mid-2023 to accept a settlement offer from Jane Doe for an amount that was within the Policy limit that Hiscox, at the time, asserted applied and was available (i.e., $100,000 less defense costs incurred). TPE also contends that Hiscox violated California Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in conduct and claims handling that constitute unfair, unlawful, and/or fraudulent business practices. *See generally* ECF No. 17.

Hiscox's coverage position in this Coverage Action is not only inconsistent with the Policy, but also Hiscox's prior conduct and representations. *See id.*, ¶¶ 13–17. From the outset, when TPE reported Jane Doe's claim to Hiscox in mid-2020, Hiscox knew that it involved allegations of sexual assault against a member of the fraternity. *See id.* Hiscox's initial coverage letter from September 2020 expressly noted this detail, and Hiscox did not mention the sexual misconduct exclusion in its coverage letter, did not assert that coverage was precluded by the exclusion, and did not reserve the right to assert that the exclusion applied. *See id.*, ¶ 17 & Ex. 1. Hiscox agreed to defend TPE in connection with Jane Doe's claim and paid for TPE's

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 11 -

4904-3318-5583

defense for four years without asserting the exclusion barred coverage. *See id.*, ¶ 23. The notion that Hiscox's "Claims Counsel" somehow overlooked or missed the exclusion in preparing Hiscox's September 2020 coverage letter defies credulity. *Cf.* ECF No. 17-1. Hiscox knew and agreed from the start that the "sexual misconduct" exclusion does not apply to Jane Doe's claim, as TPE contends, or Hiscox decided to not rely on the "sexual misconduct" exclusion, and/or Hiscox waived the "sexual misconduct" exclusion. Furthermore, Hiscox is estopped from denying coverage based on the "sexual misconduct" exclusion given its four-year course of conduct. *See* ECF No. 17, ¶¶ 23–27; ECF No. 16, ¶¶ 29–30, 34.

To support its claims in this Coverage Action, TPE will need to disclose and will seek discovery of information that is relevant and potentially prejudicial to TPE's defense in the Underlying Action. TPE anticipates that discovery in this case requires discovery and disclosure of at least the following items, categories, and/or topics:

- Hiscox's complete claim file.

- Documents related to Hiscox's initial coverage evaluation and reservation of rights letter in September 2020, which did not mention, cite, or otherwise rely on the "sexual misconduct" exclusion and which did not reserve the right to rely on the exclusion to deny coverage.

- Documents related to Hiscox's coverage evaluation performed in late 2022, when it engaged a second set of defense counsel to defend TPE in connection with Jane Doe's claim, again without mentioning the "sexual misconduct" exclusion and without reserving any right to rely on the exclusion to deny coverage.

- Hiscox's coverage evaluations performed in 2023, when Hiscox affirmatively asserted that the Policy did provide coverage for the claims against TPE in the Underlying Action, directed defense counsel to make settlement offers to Jane Doe, and refused to accept a settlement offer from

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

Jane Doe that was within the Policy limit that Hiscox at the time was asserting applied and was available.

- Evaluation reports regarding Jane Doe's claims provided by defense counsel to Hiscox starting no later than January 2021, which are relevant to Hiscox's settlement instructions and decisions, and which reiterate over and over that Jane Doe alleges she was sexually assaulted and sustained various other physical injuries at the SAM Party, confirming Hiscox's ongoing awareness of this issue without any assertion by Hiscox that the "sexual misconduct" exclusion in the Policy barred coverage.

- Hiscox's policies and procedures for coverage evaluations, issuing reservation of rights letters and denial letters, and claim handling.

- Communications between Hiscox and TPE's insurance-retained defense counsel, including but not limited to communications in which Hiscox's agents acknowledged and affirmatively represented that the Policy *did* provide coverage for the claims against TPE in the Underlying Action, and then instructed defense counsel with respect to defense and settlement issues. TPE is informed and believes that Hiscox also made such representations concerning coverage under the Policy to Jane Doe and her attorneys in connection with settlement negotiations.

- Hiscox's complete underwriting file(s) related to the policies Hiscox issued to TPE, including the file(s) related to the prior policies that Hiscox issued to TPE. The underwriting file(s) and the prior policies are relevant, among other things, to Hiscox's coverage position in this action and to the addition of Endorsement 12 cited in the Complaint. The underwriting file(s) may contain information that could adversely impact TPE's interests in the Underlying Action.

TPE also expects that motion practice in this Coverage Action will require disclosure of Hiscox's representations and communications regarding the defense

4904-3318-5583

1    strategy and settlement negotiations in the Underlying Action. Disclosure of such

2    information will be highly prejudicial to the defense of TPE in the Underlying Action.

3    Because this information will be in motions, a protective order is not sufficient to

4    prevent prejudice to TPE.

### III.

### LEGAL STANDARD

7    In a diversity action like this, federal courts apply federal procedural law and

8    state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Courts in

9    the Ninth Circuit appear to be divided on the question of whether a motion to stay an

10   insurance coverage action is governed by federal procedural law, *see Landis v. N.

11   Am. Co.*, 299 U.S. 248 (1936), or California law, *see Montrose Chem. Corp. of Cal.

12   v. Superior Court*, 6 Cal. 4th 287 (1993) (in bank) ("*Montrose I*"). Courts that have

13   considered the choice of law analysis, however, have generally concluded that a stay

14   is governed by federal procedural law, informed by relevant considerations under

15   California law. *See, e.g.*, *AIU Ins. Co. v. McKesson Corp.*, No. 20-cv-07469-JSC,

16   2021 WL 3565440, at \*1–\*2 (N.D. Cal. Aug. 12, 2021) (court sitting in diversity in

17   an insurance coverage case applied the *Landis* factors and not the *Montrose I* standard

18   to a motion to stay); *Omnicell, Inc.*, 2019 WL 570760, at \*2–\*4 (same); *Scottsdale

19   Ins. Co. v. Grant & Weber*, No. 16-cv-00610-MWF, 2016 WL 7469636, at \*3–\*4

20   (C.D. Cal. Apr. 21, 2016) (same).[2]

21   Under federal procedural law, "the power to stay proceedings is incidental to

22   the power inherent in every court to control the disposition of the causes on its docket

23   with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299

---

[2] *But see, e.g.*, *Atain Specialty Ins. Co. v. 20 Parkridge, LLC*, 2015 WL 2226356, at
\*5 (N.D. Cal. May 11, 2015) ("A federal court sitting in diversity over a state law
claim applies the law of the state where it is located in order to determine whether a
stay is appropriate."). Even if this Court were to apply California law to decide this
Motion, the analysis yields the same outcome. This is because, as discussed below,
California law is properly considered as part of the *Landis* analysis.

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

U.S. at 254. "In deciding whether to stay proceedings pending resolution of another action, the Court must weigh various competing interests, including (1) the possible damage that may result from the granting of a stay; (2) the hardship a party may suffer if the case is allowed to go forward; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.' " *Scottsdale Ins. Co.*, 2016 WL 7469636, at *4 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

## IV.

## <u>ARGUMENT</u>

Consistent with the *Landis* factors—"which are the possible damage to the non-moving party, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice"—the Court should enter an order staying all proceedings in this Coverage Action pending the final resolution of the Underlying Action. *See Omnicell, Inc.*, 2019 WL 570760, at *5 (internal quotation marks omitted) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## A.   <u>TPE will Be Prejudiced if this Action Is Not Stayed.</u>

"California cases articulating the hardship or inequity that an insured may suffer from being required to go forward in an action like this inform the Court's analysis of the second *Landis* factor." *AIU Ins. Co.*, 2021 WL 3565440, at *2. California law recognizes that insurance coverage disputes carry an inherent risk of prejudicing the insured in its defense against an underlying lawsuit. *See Montrose I*, 6 Cal. 4th at 301–02; *Montrose Chem. Corp. of Cal. v. Superior Court*, 25 Cal. App. 4th 902, 909–10 (1994) ("*Montrose II*"). "To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." *Montrose I*, 6 Cal. 4th at 301.

4904-3318-5583

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Allowing this Coverage Action to proceed while the Underlying Action is being litigated prejudices TPE. The most immediate prejudice will result from requiring TPE to litigate the Underlying Action and this Coverage Action simultaneously, while paying litigation costs for the latter. This is what California state and federal courts have recognized as a "two-front" war. *See Omnicell, Inc.*, 2019 WL 570760, at *6; *see also Montrose II*, 25 Cal. App. 4th at 910 (describing the "prejudice" that "occurs when the insured is compelled to fight a two-front war, doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and its human resources to litigating coverage issues with its carriers."). Additional significant prejudice will result when the issues and facts before this Court begin overlapping with the issues and facts being litigated in the Underlying Action. TPE address each prejudice in turn.

1.  Required Disclosure of Confidential Information in this Action Will Prejudice TPE's Defense in the Underlying Action.

In connection with the Underlying Action, Hiscox made express representations to TPE and other parties about Hiscox's position regarding its coverage obligations. TPE believes those representations contradict Hiscox's coverage position in this Coverage Action. As such, those representations are material facts for the coverage claims, and TPE will need to disclose those representations in discovery and in motion practice in this action. This will require discovery in this Coverage Action that overlaps with the Underlying Action and may prejudice TPE's defense in the Underlying Action.

Moreover, many of the communications that are relevant to Hiscox's coverage position, to TPE's affirmative defenses of waiver and estoppel, and to TPE's counterclaims, are privileged and/or work product protected communications among TPE, TPE's defense counsel, and Hiscox. Accordingly, forcing TPE to potentially waive attorney client privilege and work product protections of those communications to advocate for itself in this action, while the defense of the

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Underlying Action is still underway, would be severely prejudicial. TPE should not have to choose between prevailing in this Coverage Action and prejudicing its interests in the Underlying Action.

2.    Requiring TPE to Engage in a Two-Front War Prejudices TPE.

A "two-front war" is recognized as a form of substantial prejudice to an insured. *See Omnicell, Inc.*, 2019 WL 570760, at *6 (citing *Atain Specialty Ins. Co. v. 20 Parkridge, LLC*, No. 15-cv-00212-MEJ, 2015 WL 2226356, at *10 (N.D. Cal. May 11, 2015) (rejecting insurer-plaintiff's argument, finding that "[d]efendants should not have to fight both in this action and the Underlying Action, expending significant resources. To do so would undercut 'one of the primary reasons for purchasing liability insurance.'"); *Golden Eagle Ins. Corp. v. Drain Doctor Inc.*, 14-cv-03242-LHK, 2015 WL 1229323, at *5 (N.D. Cal. Mar. 17, 2015) (finding that the "high risk of prejudice to [the insured], which absent a stay would be required to defend itself concurrently in two related lawsuits" weighed in favor of a stay); *Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.*, 16-cv-01114-JST, 2016 WL 7230868, at *3 (N.D. Cal. Dec. 14, 2016) (same). Even "in a case in which there is no factual overlap with the issues to be resolved in the underlying case, the trial court must exercise its discretion on a motion for stay, balancing the insured's interest in not fighting a two-front war against the insurer's interest in not being required to continue paying defense costs . . . ." *Great Am. Ins. Co. v. Superior Ct.*, 178 Cal. App. 4th 221, 237 (2009).

Here, forcing TPE to fight a "two-front war" would be highly prejudicial. Doing so would require TPE to devote substantial resources to defending itself in the Underlying Action while simultaneously expending significant financial and other resources in this Coverage Action. In the Underlying Action, TPE now, suddenly, faces an insurer that claims it has no coverage obligations and TPE should be on its own to defend the case, while in this Coverage Action, TPE must bear the costs of litigating with its own insurance company, with expensive discovery and motion

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4904-3318-5583

1    practice to come soon if the Coverage Action is not stayed. TPE must also pursue its

2    affirmative defenses and counterclaims against Hiscox, in accordance with Rule

3    13(a) of the Federal Rules of Civil Procedure, which, as discussed, will require

4    significant discovery.

5        Having to engage in both cases simultaneously puts TPE under considerable

6    strain financially and in terms of resources. A second lawsuit brought by its own

7    insurer is not what TPE believed it was purchasing when it acquired the Policy from

8    Hiscox. Requiring TPE to "fight[] its insurer over coverage questions" while the

9    Underlying Action is still pending "effectively undercuts one of the primary reasons

10   for purchasing liability insurance." *Admiral Ins. Co. v. Shah & Assocs., Inc.*, No. 13-

11   cv-00044-WQH, 2013 WL 3831331, at *5 (S.D. Cal. July 23, 2013). Requiring TPE

12   to litigate the Underlying Action and the Coverage Action simultaneously prejudices

13   TPE.

14       3.    Overlapping Issues and Facts Prejudice TPE.

15       As discussed, under California law, an insurer must defend its insured if it is

16   even "conceivable," based on the factual allegations in the third-party's complaint,

17   that the third-party could state a claim covered by the insured's policy. *Montrose I*, 6

18   Cal. 4th at 300. Any doubt as to whether a duty to defend is triggered is resolved in

19   favor of the insured. *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081

20   (1993), *as modified on denial of reh'g* (May 13, 1993). These principles underscore

21   the prejudice that TPE will suffer from simultaneous litigation.

22       The factual issues that are involved with determining the applicability of the

23   "sexual misconduct" exclusion significantly overlap with issues raised in the

24   Underlying Action. For the exclusion to apply, Hiscox must establish that Jane Doe's

25   claims against TPE are "based upon or aris[e] out of any actual, alleged, or threatened

26   abuse, molestation, harassment, mistreatment, or maltreatment of a sexual nature . . .

27   ." ECF No. 1, ¶ 15; *see also id.*, ¶ 19. However, on the face of Jane Doe's complaint,

28   her claims against TPE encompass much more than just injuries from the alleged

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

sexual assault. For instance, Jane Doe claims that before the alleged sexual assault, Hwang physically assaulted and battered her, forcibly incapacitated her by employing a "martial arts" technique, SAC, ¶ 36, and that she suffered physical injuries of a non-sexual nature as a result, *see, e.g.*, *id.*, ¶ 40(a)–(c), ¶ 127 (alleging she suffered separate harm from physical "assault [and] battery"), ¶ 136 (alleging "physical[] and sexual[] assault[]").

Jane Doe also alleges numerous duties and breaches that have nothing to do with the alleged sexual assault, creating a separate basis for potential liability. *See, e.g.*, *id.*, ¶¶ 121–125 (Negligence – duty allegations); ¶¶ 127–128 (Negligence – breach allegations); ¶¶ 135–137 (Negligent Security). Indeed, as the Superior Court observed, Jane Doe's claim against TPE for Negligent Hiring and Supervision is not only based on numerous separable duties unrelated to the sexual assault but also depends on different conduct—TPE's hiring and supervision of its event staff. *See* Demurrer Order at 10:18–21; SAC, ¶¶ 153–157.

As such, liability for TPE will require specific determinations of duty, the standard of care, breach, and causation. The resolution of those issues, in turn, depends on many unresolved factual questions. The finder of fact in the Underlying Action must determine what happened, where, and how. Was there a separate physical altercation and sexual assault? Did one or the other not occur? Did this conduct have anything to do with TPE's alleged negligence? Were there superseding causes? The witnesses in the Underlying Action will testify regarding these and other issues, and the jury will determine what happened as a matter of fact. They may be unanimous that there was a physical assault or battery and a sexual assault, or that there was not, or that one occurred but not the other. Hiscox's assumption that the claims depend entirely on an actual, threatened, or alleged sexual assault is simply that—an assumption.

It cannot be said, while the Underlying Action is in the discovery phase, that the Jane Doe's claims do not "potentially seek damages within the coverage of the

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4904-3318-5583

policy." *Montrose I*, 6 Cal. 4th at 300. It also cannot be said, until a fact finder actually finds the facts in that case, that it is inconceivable that Jane Doe has stated a claim that could end up being covered by the Policy. *Id.*

Separately, TPE's affirmative defenses and claims against Hiscox will require extensive discovery that likely overlaps with the issues in the Underlying Action and could significantly prejudice TPE's interests. For instance, TPE anticipates that discovery in this Coverage Action requires disclosure of Hiscox's complete claim file, including all documents related to Hiscox's initial coverage evaluation and reservation of rights letter, which did not cite or otherwise rely on the "sexual misconduct" exclusion. Further, discovery will require disclosure and discovery of the communications between Hiscox and TPE's insurance defense counsel, because, among other things, Hiscox's agents acknowledged and represented in those communications that the Policy *did* provide coverage for claims in the Underlying Action.

In sum, Hiscox is forcing TPE to fight a two-front war: defending against the charges and allegations in the Underlying Action, while simultaneously defending against its insurer's attacks and pursuing *compulsory* counterclaims in this Coverage Action. By seeking adjudication of overlapping substantive issues that must be decided in both cases, Hiscox will cause substantial prejudice to TPE. California law is clear that TPE should not be forced into a Hobson's choice like this. Otherwise, insurers would regularly litigate their own insureds into the ground while they were trying to defend themselves against the very claims for which they need—and paid for—coverage.

**B.    Hiscox Will Not Be Damaged from the Granting of a Stay.**

In contrast to the substantial prejudice that forcing TPE to litigate the Coverage Action now would impose on TPE, staying the Coverage Action until the final resolution of the Underlying Action would not impose prejudice on Hiscox. At most, a stay would merely require Hiscox to continue advancing defense costs to TPE in

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

the Underlying Action—as it has already done for more than four years—which is required by the Policy and California law. *Montrose I*, 6 Cal.4th at 291, 294.

However, continuing to advance defense costs for an insured, despite a dispute over coverage, is not prejudice to an insurer. *See, e.g.*, *Liberty Corp. Capital, Ltd.*, 2021 WL 6103365, at *3 (any prejudice to insurer from a stay was outweighed by prejudice to insured from fighting a two-front war); *Citizens Ins. Co. of Am. v. Chief Digital Advisors*, No. 20-cv-1075-MMA, 2020 WL 8483913, at *2 (S.D. Cal. Dec. 22, 2020) ("courts in this circuit have concluded that delaying a determination of an insurer's coverage obligations does not constitute damage under the factors set forth in *Landis*"); *HDI Glob. Ins. Co. v. San Fernando Realty, Inc.*, No. 20-cv-06468-SVW, 2020 WL 7872202, at *5 (C.D. Cal. Oct. 28, 2020) (similar); *Omnicell, Inc.*, 2019 WL 570760, at *5. This is because the duty to defend is a continuing one, arising on tender of defense and lasting until the Underlying Action is concluded or it has been shown there is no potential for coverage. *See Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal. 3d 1072, 1077 (1991). Under California law, Hiscox is obligated to "defend a suit which *potentially* seeks damages within the coverage of the policy," which is a broader duty than the duty to indemnify. *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993) (cleaned up). Furthermore, Hiscox's assertion of prejudice would presuppose that it has no obligation to defend TPE in the Underlying Action, which issue is heavily contested.

Continuing to defend the Underlying Action—especially where there is at least potential for coverage—will not prejudice Hiscox and is not considered "damage" for the purpose of *Landis*. This factor weighs heavily in favor of a stay.

## C.    A Stay Will Advance the Orderly Course of Justice.

The third *Landis* factor requires the Court to evaluate whether granting a stay would result in "simplifying or complicating . . . issues, proof, and questions of law." *CMAX, Inc.*, 300 F.2d at 268. Here, a stay will conserve judicial resources and reduce unnecessary litigation costs. As discussed, there is a significant risk of potentially

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

contradictory rulings if this action is not stayed. Such contradictions could complicate the enforcement of judgments and create legal uncertainties for all parties involved. By staying this Coverage Action, the Court can avoid this risk and ensure that the factual determinations in the Underlying Action are made first, providing a clear and consistent basis for resolving the coverage issues in this action. This sequential approach promotes judicial efficiency and consistency in legal rulings.

In addition, a stay will conserve judicial resources and reduce unnecessary litigation costs. Litigating this action while the Underlying Action is still pending would require the Court and TPE to address overlapping issues and evidence in two separate proceedings. By contrast, once the factual issues in the Underlying Action are resolved, this Court can then address the coverage issues in this action more efficiently and effectively. This approach minimizes the risk of redundant litigation and ensures that the Court's decisions are based on a comprehensive understanding of the relevant facts and issues.

## V.

## CONCLUSION

For the foregoing reasons, TPE respectfully requests that the Court enter an order staying this Coverage Action, including discovery and other proceedings, until the Underlying Action is finally resolved.

Respectfully submitted,

Dated:  April 4, 2025                    SNELL & WILMER L.L.P.


By: */s/ Cameron Schlagel*
    Laurie R. Hager
    Cameron Schlagel
    *Attorneys for*
    *Defendant/Counterclaimant*
    *The Perfect Event, Inc.*

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant / Counterclaimant The Perfect Event, Inc., certifies that the foregoing Memorandum of Points and Authorities contains 5599 words, as counted by my word processing system. This complies with the word limit of L.R. 11-6.1.

Dated:  April 4, 2025                    SNELL & WILMER L.L.P.


By: */s/ Cameron Schlagel*
    Laurie R. Hager
    Cameron Schlagel
    *Attorneys for*
    *Defendant/Counterclaimant*
    *The Perfect Event, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, a true and correct copy of the foregoing NOTICE OF MOTION AND MOTION OF DEFENDANT / COUNTERCLAIMANT TO STAY THIS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER was filed electronically with the Clerk of the above-captioned Court utilizing the Court's CM/ECF system, resulting in an automatic transmission of a Notice of Electronic Filing to all counsel of record in the above-referenced proceeding.

*/s/ Cameron Schlagel*
Cameron Schlagel

TPE'S MOTION TO STAY
CASE NO. 2:24-CV-10852

4904-3318-5583

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689